**ALD-306**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2029
_____

BIENVENIDO RODRIGUEZ, JR., Appellant

v.

REV. ULLI KLEMM; LIEUTENANT BOONE; EDWARD NIEDERHISER,
Facility Chaplaincy Program Director at S.C.I. Graterford;
REV. KIRT ANDERSON, Facility Chaplaincy Program Director at S.C.I. Pine Grove
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-16-cv-01786)
District Judge:  Honorable J. Nicholas Ranjan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 17, 2020

Before:        MCKEE, SHWARTZ, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 23, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Bienvenido Rodriguez is a Pennsylvania prisoner who was previously housed at State Correctional Institution Pine Grove.  In December 2016, Rodriguez, represented by counsel, filed a complaint in the District Court claiming that the prison had violated his First Amendment rights and the Religious Land Use and Institutionalized Persons Act by failing to make accommodations for the practice of his religion, Yoruba Santeria.  The matter was referred to a Magistrate Judge.  The parties agreed to mediation and settled the dispute in April 2017.  In July 2018, the Magistrate Judge approved the parties' stipulation of dismissal and dismissed the case with prejudice.[1]

Approximately one year later, in July 2019, Rodriguez filed several pro se motions seeking to reopen the case.[2]  The Magistrate Judge denied relief, concluding that all claims had been settled and that the defendants had fully complied with the terms of the agreement.  The Magistrate Judge denied his request to amend the complaint and explained that if Rodriguez wished to bring a new lawsuit alleging new claims, he was free to do so.  Rodriguez, dissatisfied with the Magistrate Judge's ruling, requested a videoconference.  At the conference on November 12, 2019, Rodriquez complained that he had not received a consecrated Santeria beaded necklace and had not been given access to the settlement proceeds.  The Magistrate Judge advised Rodriguez that the

[1] The Magistrate Judge noted in her order that she would retain jurisdiction to resolve issues related to the settlement agreement.

[2] Rodriguez's counsel of record then moved to withdraw, explaining that they had a fundamental disagreement with Rodriguez's demands to reopen the case.  The Magistrate Judge granted counsel's request.

defendants had complied with the agreement by permitting him to purchase a Santeria consecrated necklace, and that the defendants had properly placed the funds from the settlement into an escrow account.[3]

Rodriguez then filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure alleging that he had not been given a sufficient opportunity to present his arguments at the conference, in part because he was forced to appear via audioconference due to technical difficulties with the video connection. The Magistrate Judge rejected this argument and denied relief. Rodriguez appealed the ruling to the District Court.

The District Court: (1) construed Rodriguez's motion to reopen and Rule 60(b) motion together as a single Rule 60(b) motion for relief from the Magistrate Judge's July 2018 order dismissing the complaint with prejudice in light of the settlement agreement; (2) construed the Magistrate Judge's orders denying those motions as reports and recommendations because no final order had yet been entered in the case; (3) upon de novo review of Rodriguez's Rule 60(b) motion, agreed with the Magistrate Judge that Rodriguez failed to provide a basis for reopening; and (4) denied Rodriguez's motion. Rodriguez appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[4] We review the District Court's decision not to reopen the case for abuse of discretion. See Reform Party of

---

[3] Rodriguez attempted to appeal from the Minute Entry documenting the hearing, but this Court dismissed the appeal for lack of jurisdiction. C.A. No. 19-3722 (order entered May 5, 2020).

[4] We construe the District Court's order as adopting the Magistrate Judge's underlying order dismissing the case pursuant to the parties' stipulation of dismissal.

<u>Allegheny County v. Allegheny County Dep't of Elections</u>, 174 F.3d 305, 311 (3d Cir. 1999) (en banc).

We will summarily affirm the District Court's order because no substantial question is presented by this appeal. <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6. We have reviewed the record and agree with the District Court that Rodriguez's motions do not state a basis for reopening; as the District Court and Magistrate Judge explained, the defendants fully complied with the terms of the settlement agreement. To the extent that Rodriguez asserted that he was not given an opportunity to fully present his arguments at the November 12, 2019 conference, we have reviewed the transcript and agree with the Magistrate Judge that he was able to present his case.

Accordingly, we will summarily affirm.